# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

GLORIA PHILLIPS,

    Plaintiff,

v.      Case No. 3:24-cv-1224-TJC-LLL

PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

    Defendants.

## **O R D E R**

According to her amended complaint, plaintiff Gloria Phillips is the former spouse of decedent Leroy Lafayette Phillips, a retired Navy veteran who had a life insurance policy through the Veterans' Group Life Insurance ("VGLI"), which is administered through defendant Office of Servicemembers' Group Life Insurance. By statute, the insurance policy is provided by defendant Prudential Insurance Company of America. See 38 U.S.C. §§ 1965, et seq. Mr. Phillips named plaintiff as the beneficiary of his $100,000 VGLI policy. Later, as part of their 2011 divorce settlement, Mr. Phillips agreed to maintain a $100,000 life insurance policy in plaintiff's name as long as he still owed her an alimony obligation (which she represents he still owed at the time of his death). At some point before he died, Mr. Phillips changed the

beneficiary of the VGLI policy to defendant Tonya[1] Phillips, who was Mr. Phillips' spouse at the time of his death. Gloria Phillips and Tonya Phillips both claim entitlement to the life insurance proceeds.

Gloria Phillips filed suit in federal court under the Court's federal question jurisdiction, 28 U.S.C. § 1331. (Both Gloria Phillips and Tonya Phillips are alleged to be citizens of Florida so diversity jurisdiction is not available.) Prudential answered and filed a crossclaim and counterclaim seeking to interplead the funds (Doc. 26). Tonya Phillips filed an answer (Doc. 27) but also moves to dismiss (Doc. 31) on the grounds that the Court lacks subject matter jurisdiction. Prudential and plaintiff each responded. (Docs. 32 & 37).

Tonya Phillips contends that 38 U.S.C. § 1975 (the Servicemembers' Group Life Insurance Act) only confers a right of action for suits against the United States, which this is not. True enough, but plaintiff's amended complaint (and original complaint) invokes federal question jurisdiction for suits "arising under" federal law. 28 U.S.C. § 1331. Although the Eleventh Circuit has not addressed whether claims to recover Servicemembers' Group Life Insurance death benefits arise under federal law, other courts have held

---

[1] As noted by Prudential, the beneficiary designation form and other documents of record she prepared state that her first name is "Tonya," not "Tanya," as named in the complaint. The Clerk shall update the docket to reflect this correction. Going forward, the parties shall use her correct name.

2

that they do. This Court agrees, and adopts the analysis of Cotton v. Prudential Ins. Co. of America, 391 F. Supp. 2d 1137 (N.D. Fla. 2005), which explored this question and, quoting the Seventh Circuit, explained:

> [Servicemembers' Group Life Insurance] is a federal program; in fact, technically the government rather than the serviceman is the policyholder. As we have both a government contract and a federal statute[,] the case for using federal law to answer the question of who is to receive the proceeds of the insurance policy is compelling.

Id. (quoting Prudential Ins. Co. of America v. Athmer, 178 F.3d 473, 475 (7th Cir. 1999)). While Athmer, an interpleader action, was addressing choice of law, not subject matter jurisdiction, the point it makes is the same, as found in Cotton. See De Jesus v. De Jesus, No. 11-cv-579-bbc, 2012 WL 13042522, at *2-6 (W.D. Wis. Apr. 3, 2012) (noting that Athmer supports the view that a claim for benefits under SGLI arises under federal law for purposes of subject matter jurisdiction). See also Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1244-47 (10th Cir. 2001); Prudential Ins. Co. of America v. Tull, 690 F.2d 848 (4th Cir. 1982); Hubbert v. Prudential Ins. Co. of America, No. 2:06-cv-260, 2007 WL 1031638, at *4 (2007); Beheler v. Prudential Ins. Co. of America, No. H-89-0534, 1989 WL 69975 (S.D. Tex. June 14, 1989).

The Court will therefore deny defendant Tonya Phillips' motion to dismiss, which brings us to the next step. Barring an objection, the Court intends to let Prudential deposit the death benefit funds into the Court registry

3

and permit Gloria Phillips and Tonya Phillips to either attend an early mediation or, if they are not able to agree to do so, to file cross-briefs on their entitlement to the funds. Accordingly, it is hereby

**ORDERED**:

1. Defendant Tonya Phillips's Amended Motion to Dismiss (Doc. 31) is **DENIED**.

2. No later than **June 30, 2025**, Gloria Phillips and/or Tonya Phillips may file objections to the dismissal of Prudential and deposit of interpleader funds. Barring any objection, Prudential may tender the deposit to the Clerk of Court no later than **July 15, 2025**, following which the Court will enter an order dismissing it from this case.[2]

3. No later than **July 15, 2025**, Gloria Phillips and Tonya Phillips shall file a joint notice stating that they intend to try to resolve this through mediation (advising the Court of the selected mediator and proposed date for mediation) or that they will file cross-briefs (with a proposed schedule).

---

[2] When depositing the registry funds, Prudential shall file a proposed order tracking the relief it seeks in its counterclaim and cross-claim for relief in interpleader (Doc. 26), and send a word version to the undersigned's chambers email: chambers_tjc_flmd_corrigan@flmd.uscourts.gov.

4

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record